NORMAN G. PAGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page v. Commissioner
Docket No. 10087-84.
United States Tax Court
T.C. Memo 1986-45; 1986 Tax Ct. Memo LEXIS 560; 51 T.C.M. (CCH) 402; T.C.M. (RIA) 86045; February 3, 1986. Norman G. Page, pro se. Dennis Perez, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned *561 to Special Trial Judge Lehman C. Aarons pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8 (81 T.C. XXIII) for trial, findings of fact and opinion. After reviewing the record we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: In separate notices of deficiency respondent determined deficiencies and additions to tax in petitioner's Federal income tax for 1981 and 1982 as follows: Additions to Tax
Year
Tax
Sec. 6654(a)
Sec. 6651(a)
Sec. 6653(a)
1981
$10,285
$780.36
$2,562.85
$514.25
1982
11,573
1,011.84
2,657.25
578.65
Respondent also determined additions to tax in both years, under section 6653(a)(2), in the amount of 50 percent of the interest due on the full amount of the underpayment for each year at issue. Petitioner timely filed his petition herein and at such time he resided in Studio City, California. The petition herein is a form petition *562 closely similar in nature to those filed by several hundred persons in the Southern California area. In his petition petitioner alleges that the determination of tax by respondent is based on "Crimen Falsi" action; that no definition of income appears in the Internal Revenue Code; that no provision of the Code requires anyone to file a return and that such filing is "voluntary"; that respondent is in violation of the Privacy Act of 1979; that respondent has not complied with section 6011 (general requirement of a return); that the Secretary has never assessed a tax on petitioner; that petitioner received nothing of known tangible value that qualified as income during 1981 or 1982; and that petitioner enjoys no grant of privilege or franchise. Petitioner also filed a "Request for Jury Trial", which the Court denied. Petitioner admits that no returns were filed for 1981 and 1982 and that he received $36,446.60 compensation for his labor in 1981 and $41,361.99 compensation for his labor in 1982. At the trial, petitioner presented no further facts, but concentrated his argument upon a contention that respondent had no authority to determine a deficiency under section 6211. He based *563 this contention upon the fact that he had filed no return and hence was not a "taxpayer" and accordingly the language "the amount shown as the tax by the taxpayer upon his return", appearing in section 6211(a)(1)(A), cannot apply to him. This contention is, of course, wholly specious.The quoted language refers to the amount to be subtracted from the tax "imposed by subtitle A" (Income Taxes). If there was no return, then the amount to be subtracted from this "tax imposed" is zero. Sec. 301.6211-1(a), Proced. and Admin. Regs. Accordingly, the deficiencies were properly determined as the total amounts of petitioner's tax liability for 1981 and 1982, without any subtractions. We have dealt so often with petitions similar in all material respects to the petition filed herein that we refuse to expend the time and resources of this Court on an exhaustive analysis of why they are incorrect and why they completely lack merit. See, e.g., ; ; ; ; ; *564 , and cases cited therein. We affirm all respondent's determinations of deficiencies and additions to tax in the notice of deficiency. Petitioner's allegations in his petition, his arguments to the Court, and his request for jury trial are utterly frivolous, groundless and dilatory. Petitioner was cautioned by the Court of the likely consequences of persisting in following this pattern. Petitioner was articulate in the argument he presented to the Court. But he is yet another tax protester who has no legitimate dispute with respondent's determinations but instead attempts to use this Court as a forum to avoid the payment of the Federal income tax, or as a playground on which to play illconceived games of sophism with the Court. Petitioner has abused the processes of this Court and has wasted its resources and those of respondent. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that petitioner's position is dilatory and is both frivolous and groundless. We are authorized under section 6673 to penalize petitioner for raising dilatory or groundless claims. *565 , affg. a Memorandum Opinion of this Court. We accordingly award damages to the United States under section 6673 in the amount of $5,000. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩